The opinion of the court was delivered by
Spencer, J.
Under an order and decree of the parish court of Ouachita, rendered on application of the administratrix of the estate of Rofenschen, a house and lot (with other property) of said estate was *1229 sold, on second offering, at twelve-months credit, for $830, to D. F. Conover & Co., who, conformably to law, executed their twelve-months bond therefor, with R. G. Cobb and A. A. Gunby as sureties, and with special mortgage on the property.
The administratrix rendered her account and tableau of said estate, carrying thereon one T. N. Conor as á creditor paid by her to amount of $831 17 ; and charges herself with the proceeds of the sales of the property as cash. This account and tableau were duly homologated.
Said bond not being paid, execution was issued thereon by the parish, court, on December 10th, 1877. The principals on said bond being absentees, R. G. Cobb, one of their original attorneys, was appointed curator acl hoc and attorney, to represent them in the executory proceeding on the bond. The sheriff, under the H. fa., seized and advertised the mortgaged property, and gave the notices required to the curatcr. On the day of sale R. G. Cobb, curator of Conover & Co., applied to the district court and obtained an injunction against this proceeding on the following grounds:
1. The parish court issuing the writ is without jurisdiction raiione material, the amount of the writ and the value of the property sought to be sold being over $500.
'2. That the succession of Bofenschen had been settled anterior to the issuance of the writ, the administratrix discharged, and no succession existed in which an order could be issued by the parish court.
3. The parish court had no power or jurisdiction to appoint a curator ad hoc in a proceeding against D. F. Conover & Co.
4. That the parish court had no power to order the issuance of an execution on a twelve-months bond for an amount exceeding $500, and that the document upon which the writ enjoined was issued in this case was not a twelve-months bond as contemplated by Articles 719 and 720 C. P.
5. That there was no such proceeding on the docket of either the parish or district court of Ouachita, or other court, entitled estate of C. L. B. Bofenschen vs. D. F. Conover & Co. et al., and no writ of fieri facias can issue without the existence of such suit or proceeding, and on a judgment therein.
He prays for citation of the sheriff, of the legal representative of said estate, or other person claiming ownership of said bond. The sheriff, the administratrix, and T. N. Conor (to which last it seems said bond had been transferred in satisfaction of his judgment and claim against the estate of Bofenschen) appeared, and moved to dismiss the injunction with damages, for the reason that the district court had no jurisdiction, and was without authority to enjoin an execution issued by the parish court. This motion was sustained, the injunction dissolved, and *1230 suit dismissed without damages. Plaintiffs appeal, and defendants have prayed for an amendment of judgment as to damages.
If the writ was issued in this case by the parish court, under a legal and valid decree of that court, it is clear that the defendant in said writ ■can not enjoin it in any other court, whatever might be the rights of a third person, not connected with the writ, to do so. O. P. 617, 639 ; 11 A. 525 ; 4 R. 57 ; 12 R. 531 ; 18 A. 339.
There can be no doubt of the jurisdiction and authority of the parish court to decree and direct the probate sale of the property of successions; Constitution, Art. 87. Article 990 of the Code of Practice prescribes the mode and manner of executing these decrees, by directing that if on first offering the property does not sell, it shall be re-offered for what it will bring on twelve-months credit; “ provided, however, * * * the purchaser shall give a twelve-months bond, * * * such bond to have force and effect as a twelve-months’ bond taken in sales under writs of fieri facias, and the collection of such twelve-months bonds shall be ■enforced in the same manner as twelve-months bonds taken under Arts. 719 and 720 O. P. upon execution issued upon such twelve-months bonds by the cleric of the court which issued the order for sale of the property, and such clerks are hereby authorized and required to issue such executions on the demand of any person having legal right to control such bond.”
It is manifest, therefore, that the bond in question was taken in strict conformity to law, and in execution óf a lawful, valid, and constitutional decree of the parish court. The taking of said bond was but one step, one link, in the process of carrying into execution the said decree — just as the issuance of the commission to sell, the advertisement, the sale, wore so many successive acts in execution of it. It was not, and is not, fully executed until the money is realized; for to sell a thing is .to exchange it for money. So the execution issued on that bond is but another and further act in execution of the original decree of sale rendered by the parish court; and that court, being the court which rendered the decree, was the only court that could issue the process necessary to its execution. C. P. 617, 639 ; 11 A. 525.
If that court had jurisdiction and authority to render the decree, it necessarily had the authority to execute it, as'an incident, and regardless of the question of amount, just as if, in the settlement of the accounts of an administrator, tutor, or executor, it should decree him indebted to thé estate for more than $500, it could issue process to enforce its payment, or do any other act to make effective its orders. See 29 A. 506 ; Tertrou vs. Durand.
Taking execution on this twelve-months bond is not the institution of a suit, and has none of the characteristics of a suit. It is simply the *1231 ultimate execution of the decree directing the sale, the reduction into money of the property of the estate ; and it is not true to argue as do plaintiff’s counsel “that there is no judgment,” which serves as a basis ■for this bond and theji. fa. issued thereon.
The exception or motion of defendants was not to dismiss on the face of the papers. It was that the court was without jurisdiction, that the ft. fa. enjoined had issued from the parish court, and that the district court had no authority to enjoin it. On trial of this motion or ex■ception evidence was properly offered and admitted to show the truth of these allegations.
Holding the views we do, there can be no question of the right of the clerk to issue the ft. fa. In fact, Article 990 O. P. expressly provides that It shall be issued “ by the clerk of the court which issued the orders for sale of the property.”
The defendant has asked us to amend the judgment, by allowing the highest rate of damages, but we do not think it would be proper to do •so. The plaintiffs are represented here, and appear, only by a curator ad hoc, who was, we think, properly appointed to represent the absent defendants in execution. We can not inflict damages on B. G. Cobb personally, because he is not plaintiff in injunction, and besides we are not disposed to hold to personal responsibility officers of court who we must presume are without interest and acting conscientiously.
The judgment appealed from is affirmed, at costs of appellant in both courts.